IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHEILA GUIDRY, MELISSA BERNIARD, RAMONA ALEXANDER, HENRY HOLMES, VANESSA WILSON, BATES WHITESIDE<br><br>    Plaintiffs,<br><br>    v.<br><br>THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, STATE OF LOUISIANA THROUGH THE DEPARTMENT OF ENVIRONMENTAL QUALITY, STEVE MILLIGAN<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Case No. _____<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

Defendants, The Dow Chemical Company ("Dow") and Union Carbide Corporation ("UCC") file this Notice of Removal of that certain proceeding entitled *Sheila Guidry v. Dow Chemical Company*, et. al., Civil Action No. 2009-7832, Division "K," filed in the Civil District Court for the Parish of Orleans, State of Louisiana, and remove this action to The United States District Court for the Eastern District of Louisiana. Removal of this class action is authorized by the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. Dow and UCC represent the following facts in support of removal:

**I.   The Parties**

1. The named plaintiffs and/or class representatives are:

    a. Shelia Guidry, a domiciliary of the state of Louisiana (former class representative);

    b. Melissa Berniard, a domiciliary of the state of Louisiana (former class representative);

1

    c. Ramona Alexander, a domiciliary of the state of Louisiana;

    d. Henry Holmes, a domiciliary of the state of Louisiana;

    e. Vanessa Wilson, a domiciliary of the state of Louisiana;

    f. Bates Whiteside, a domiciliary of the state of Louisiana;

    g. The Class Members are those persons included within the class, as defined by the State Court's Judgment certifying the class on December 15, 2011. *See* ¶ 11, *infra*.

2. "Defendants" are:

    a. The Dow Chemical Company, a corporation incorporated under the laws of Delaware with its principal place of business in Michigan;

    b. Union Carbide Corporation, a corporation incorporated under the laws of New York with its principal place of business in Texas;

    c. The State of Louisiana Through the Department of Environmental Quality, a regulatory agency of the State of Louisiana.;

    d. Steve Milligan, a domiciliary of the state of Florida.[1]

## II.   Background

3. On July 29, 2009, a Petition for Damages (the "Petition") was filed in the Civil District Court, Parish of Orleans, State of Louisiana, in a case styled: *Sheila Guidry vs. The Dow Chemical Company, et al.*, Civil Action No. 2009-7832, Division "K."  Exhibit 1, Plaintiff's Original Petition. A First Amended Petition for Damages was filed on July 30, 2009 and added class action allegations to the Petition. Exhibit 2, Plaintiffs' First Amended Petition.

---

[1] Dow and UCC do not believe that Steve Milligan has ever been served with process.

4. Plaintiff, Sheila Guidry, alleged in her First Amended Petition that she brought this action on behalf of the following class:

> Persons throughout Louisiana who were exposed by the acts and omissions of DOW CHEMICAL COMPANY and the STATE OF LOUISIANA THROUGH DEPARTMENT OF ENVIRONMENTAL QUALITY to a release of any chemical by Dow on or July 7, 2009, and said release caused to that person personal injuries, emotional distress, loss of income and/or earning capacity, or the loss of the beneficial use, enjoyment, and exclusive possession of their property, or any other damages provable at a trial on this matter.

Exhibit 2, Plaintiffs' First Amended Petition at ¶ 39.

5. A Second Amended Petition for Damages was filed on August 6, 2009, adding UCC and Praxair, Inc. as defendants. Exhibit 3, Plaintiffs' Second Amended Petition. Praxair, Inc. was dismissed from this litigation without prejudice on December 8, 2009.

6. On August 12, 2009, Dow filed a Notice of Removal removing the putative class action to the United States District Court for the Eastern District of Louisiana pursuant to various jurisdictional theories, including 28 U.S.C. §§ 1332(d)(2), the Class Action Fairness Act ("CAFA"), §1441(a) and(b), and §1453. *Guidry v. Dow Chemical Company*, No. 2:09-cv-05506 c/w 2:09-cv-04280, United States District Court for the Eastern District of Louisiana. A supplemental notice of removal was filed, including UCC as a removing defendant. The case was assigned to United States District Judge Martin Feldman.

7. While the case was pending in this Court, Plaintiffs filed a Motion for Leave to File Amended Petition naming Steve Milligan and the St. Charles Parish Department of Homeland Security and Preparedness through its Director, Scott Whelchel in his official capacity as additional defendants. *See Berniard v. Dow Chemical Company*, No. 2:09-cv-04280, United States District Court for the Eastern District of Louisiana, Docket Entry 40. Following a hearing, Magistrate Judge Roby granted in part and denied in part Plaintiffs' Motion to Amend, allowing

joinder of Steve Milligan but not the St. Charles Parish Department of Homeland Security and Preparedness. *See Berniard v. Dow Chemical Company*, No. 2:09-cv-04280, United States District Court for the Eastern District of Louisiana, Docket Entry 105. The Court noted, however, that "it appears that the amendment might be aimed to defeat federal jurisdiction and that the Court only allows amendment because the allegations state a possible case to hold Milligan individually liable and at this stage there is no evidence on the issue. *Berniard v. Dow Chemical Company*, No. 2:09-cv-04280, United States District Court for the Eastern District of Louisiana, Docket Entry 105 at p. 9.

8.   Plaintiffs' Third Amending Petition for Damages was subsequently filed into the record in this Court. *Berniard v. Dow Chemical Company*, No. 2:09-cv-04280, United States District Court for the Eastern District of Louisiana, Docket Entry 108.  Exhibit 4, Plaintiffs' Third Amending Petition for Damages.  Although summons was issued to Steve Milligan, there is no evidence that he was ever served with process.

9.   The Plaintiffs, through putative class counsel, filed a Motion to Remand challenging and disputing that this action satisfied CAFA's amount-in-controversy requirement of $5 million required to trigger this Court's subject matter jurisdiction.  The petition filed in state court does not expressly state a dollar amount of damages sought to be recovered nor does the petition make any specific allegation as to the amount in controversy.  Based on the remand motion's argument and representation that less than $5 million was at controversy through the filing and likely prosecution of this action, the Eastern District Court remanded the case to state court as it found that UCC and Dow failed to carry their burden of establishing that it was facially apparent from the allegations in the class plaintiffs' petitions that the aggregate recovery by the class members would likely exceed $5 million.  The United States Fifth Circuit Court of Appeals affirmed the

District Court's decision on August 6, 2010, finding that the amount in controversy was not facially apparent from the petition, and the case was remanded to state court. *Berniard v. Dow Chemical Co.*, 481 Fed. Appx. 859, 863–64 (5th Cir. 2010) (holding that defendants did not carry their burden of "showing not only what the stakes of the litigation could be, but what they are in light of the plaintiffs' demands").

10. On May 16 and 17, 2011, the state court presiding over this case conducted a class certification hearing. Prior to the class certification hearing, the state court granted Plaintiffs' Motion to Substitute Class Representatives filed on May 12, 2011, thereby substituting Ramona Bastion Alexander, Vanessa Wilson and Melissa Berniard as class representatives in place of Sheila Guidry. A Third Amended Petition for Damages was filed on July 22, 2011, naming Ramona Bastion Alexander, Vanessa Wilson and Melissa Berniard as class representatives. Exhibit 5, Plaintiffs' Third Amended Petition for Damages. The Third Amending Petition for Damages made no allegations additional to or different from the allegations contained in the prior petitions related to the amount in controversy.

11. On December 15, 2011, the state court issued a Judgment granting Plaintiffs' Motion for Class Certification, which approved Ramona Bastion Alexander, Vanessa Wilson and Melissa Berniard as class representatives and defined the certified class ("Guidry Class") as follows:

> The class consists of those persons living or located in the following described geographic areas: starting at the northwest corner of the class boundary, included in postal zip code 70068 in St. John the Baptist Parish, proceeding eastward along Lake Pontchartrain to postal zip code 70065, located in Jefferson Parish, and further eastward to postal zip code 70117, located in Orleans Parish; and proceeding from the southwest corner of the class boundary, included in Orleans Parish; and proceeding from the southwest corner of the class boundary , included in postal zip code 70057 in St. Charles Parish, then proceeding further southeast to postal zip code 70031, then proceeding further eastward to postal zip code 70094 in Jefferson Parish, and then east/northeast to postal zip code

> 70117 in Orleans Parish, and all areas included in between those points; and who were present in these locations for some time, from 4:30 am on July 7, 2009 until 3:30 pm on July 8, 2009, and who experienced the physical symptoms which include any or all of the following - - eyes, nose, or throat irritation, coughing, choking or gagging, or nausea, or headaches, dizziness, trouble breathing or other respiratory issues, as a result of their exposure to Ethyl Acrylate or other chemical substance released from tank 2310 at Union Carbide Corporation's Taft, Louisiana Facility. Those persons living or located in those geographic areas and who experienced any of these physical symptoms will constitute the class and will be bound by the decision of this case.

12. Melissa Berniard was later disqualified as a class representative by order of the Louisiana Supreme Court dated March 1, 2013. On May 16, 2013, Plaintiffs filed a Motion to Add Class Representatives Pursuant to Order of the Court, thereby substituting Henry Holmes and Bates Whiteside as class representatives. A Fourth Supplemental and Amending Petition was filed on June 5, 2013, adding Henry Holmes and Bates Whiteside as class representatives. Exhibit 6, Plaintiffs' Fourth Supplemental and Amending Petition for Damages. The Fourth Amending Petition for Damages made no allegations additional to or different from the allegations contained in the prior petitions related to the amount in controversy.

13. In the Judgment certifying this action as a class action, the state court appointed attorneys Jeffrey P. Berniard, Madro Bandaries, Marie Trimble, Gregory P. DiLeo, Bart Kelly, Rico Alvendia and Ron Austin as class counsel.

14. During the class certification hearing, class counsel asserted that they had been retained by approximately 2800 individuals in connection with the July 7, 2009 release from the Union Carbide Facility.

15. On or about June 19, 2014, the state court issued an order requiring Plaintiffs to provide notice to the class, including instructions regarding the procedure by which to opt out of the class. Although UCC and Dow requested that the notice to the class also include a proof of claim process

6

for all putative class member prior to the class-wide trial, Plaintiffs' counsel objected and the state court denied UCC and Dow's request. As a result, no putative class members have been required to make their claims known to the defendants in this case.

16. Following class notice, approximately 5,000 individuals, who had already retained counsel other than Guidry class counsel, opted out of this class action. These 5,000 individuals had filed individual claims in a consolidated mass joinder action in St. Charles Parish (the parish where the release giving rise to this action occurred) entitled *Mark Dufour and Pierre Carmouche v. Dow Chemical Company*, Civil Action No. 69,672, 29th Judicial District Court for the Parish of St. Charles, State of Louisiana. Those 5,000 individuals chose to pursue their claims on an individual basis in the venue in which those claims were already asserted.

17. UCC and Dow were never provided with any information or documentation from class counsel relating to the individuals who responded to the class notice and who indicated their desire to pursue their claims through this class action. As a result, until August 14, 2019, UCC and Dow were only aware of 2800 individuals that had potentially asserted or would assert claims in the Guidry Class.

18. On August 14, 2019, counsel for UCC received correspondence from class counsel Ron Austin in which Mr. Austin unequivocally established, for the first time since the filing of this action, that the amount in controversy in this case is greater than $5,000,000. According to Mr. Austin, the "potential base-judgment value" of this case is $275,000,000. Mr. Austin further advised that "the parameters of a possible settlement can be safely couched in terms of a range from $60M to $275M." Exhibit 7, Letter from Ron Austin to Neil Abramson (Aug. 14, 2019).

19. A non-jury trial is scheduled to commence in the Civil District Court, Parish of Orleans, on September 9, 2019.

### III.   Grounds for Removal

**A. The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).**

20. This Court has original subject matter jurisdiction over all claims in this case pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), §1441(a) and(b), and §1453.

21. CAFA provides that "district courts shall have original subject matter jurisdiction over any civil matter in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest or costs, and is a class action in which: … (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

22. This case satisfies each of the elements of CAFA and the exceptions to CAFA do not apply.

    **1.   This case is a "class action."**

23. CAFA includes "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. 1332(d)(1)(B).

24. Although the Original Petition for Damages in this matter was not filed as a class action lawsuit, Plaintiffs filed a First Amended Petition for Damages bringing class action allegations pursuant to Louisiana's class action statute, Louisiana Code of Civil Procedure article 591 et seq. *See* Exhibit 2, First Amended Petition for Damages at ¶¶ 38–51.

    **2.   This matter satisfies the minimal diversity requirements of § 1332(d)(2)(A).**

25. CAFA requires any member of a class of plaintiffs to be a citizen of a different state than any defendant.

26. The Plaintiff class representatives are natural persons, and therefore, are citizens in the state of their domicile. *Preston v. Tenet Healthsystem Memorial Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

27. Each of the Plaintiff Class Representatives are domiciled in, and therefore citizens of, the state of Louisiana:

    a. Ramona Alexander is a domiciliary of the state of Louisiana;

    b. Henry Holmes is a domiciliary of the state of Louisiana;

    c. Vanessa Wilson is a domiciliary of the state of Louisiana;

    d. Bates Whiteside is a domiciliary of the state of Louisiana;

28. Sheila Guidry, although no longer a class representative but is a known class member, is a citizen of the state of Louisiana.

29. Similarly, Melissa Berniard, although no longer a class representative but is a known class member, is a citizen of the state of Louisiana.

30. Defendants, The Dow Chemical Company and Union Carbide Corporation, are corporations that are citizens in the state in which they are incorporated and the state in which they have their principal place of business. 28 U.S.C. § 1332(c)(1):

    a. The Dow Chemical Company is incorporated under the laws of Delaware and maintains its principal place of business in Michigan;

    b. Union Carbide Corporation is incorporated under the laws of New York and maintains its principal place of business in Texas;

31. Defendant, The State of Louisiana Through the Department of Environmental Quality is a regulatory agency of the State of Louisiana. As such, it has no state of citizenship. *See Frazier v. Pioneer Americas*, LLC, 455 F.3d 542, 547 (U.S. 5th Cir. 6/6/02).

32. Steve Milligan is, at the time of removal, a natural person domiciled in, and therefore a citizen of, the state of Florida.

33. Because the Plaintiff class representative are citizens of Louisiana and at least one defendant is a citizen of a different state, the minimal diversity requirements of CAFA are satisfied.

### 3. The amount in controversy exceeds $5,000,000 exclusive of interest and costs.

34. The amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs, and therefore satisfies CAFA's jurisdictional requirements. 28 U.S.C. §§ 1332(d)(2), (d)(6). *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 553 (2014) (holding that when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court).

35. Although proof of the amount in controversy is not required unless contested by the plaintiff or questioned by the Court, Plaintiffs' August 14, 2019 letter conveying their settlement evaluation is evidence showing and adequately demonstrating the amount in controversy. *See Leonard v. Sentry Select Ins. Co.*, No. 15-675, 2016 WL 139382, at *3 (M.D. La. Mar. 11, 2016) (considering a pre-removal settlement demand as evidence of the amount in controversy) (citing *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010)); *Creppel v. Fred's Stores of Tennessee, Inc.*, No. 13-734, 2013 WL 3490927, at *3 (E.D. La. July 10, 2013) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (plaintiff's settlement demand is "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.")).

36. On August 14, 2019, Plaintiffs provided a settlement evaluation of this case, which included a "base-judgment value" of the case in the amount of $275,000,000. Exhibit 7, Letter from Ron Austin to Neil Abramson (August 14, 2019). According to their analysis, "the parameters

of a possible settlement can be safely couched in terms of a range from $60M to $275M." Exhibit 7, Letter from Ron Austin to Neil Abramson (August 14, 2019).

### 4. Plaintiffs cannot prove that the exceptions to CAFA divest this court of subject matter jurisdiction.

37. There are three exceptions to CAFA jurisdiction. 28 U.S.C. §§ 1332(d)(3), 1332(d)(4). Any party moving to remand a case removed under CAFA pursuant to one of the CAFA exceptions to federal jurisdiction bears the burden of proving the facts showing the exceptions divest the district court of subject matter jurisdiction. *Preston*, 485 F.3d at 797.

38. Under § 1332(d)(3), the court may decline to exercise jurisdiction "over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the state in which the action was originally filed based on consideration of [six enumerated factors.]"

   a. If more than two-thirds of the plaintiff-class are members of the state in which the action was filed, the discretionary jurisdiction is inapplicable. *See Thompson v. Louisiana Regional Landfill Company*, 365 F. Supp. 3d 725734 (E.D. La. 2019).

   b. Plaintiffs cannot meet their burden of proving this exception applies because more than two-thirds of the class are citizens of Louisiana. In prior briefing to this Court, Plaintiffs explicitly acknowledged that "there is no dispute that more than two-thirds of the class members are citizens of Louisiana." *Berniard v. Dow Chemical Company*, No. 2:09-cv-04280, United States District Court for the Eastern District of Louisiana, Docket Entry 113 at p. 12.

39. CAFA also directs the court to decline jurisdiction in two scenarios, frequently referenced as the "Local Controversy Exception," 28 U.S.C. § 1332(d)(4)(A), and the "Home State Exception," 28 U.S.C. § 1332(d)(4)(B).

11

40. Plaintiffs invoking the Local Controversy Exception must prove, among other things, that "at least 1 defendant is a defendant (aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the state in which the action was originally filed." 28 U.S.C. 1332(d)(4)(A). This exception is designed to be narrow, "with all doubts resolved in favor of exercising jurisdiction over the case." *Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.*, 655 F.3d 358, 360 (5th Cir. 2011).

   a. Defendants Dow and UCC are not citizens of Louisiana, and The Department of Environmental Quality is not a citizen of any state. S*ee Frazier*, 455 F.3d at 457 (holding that DEQ is not a citizen of Louisiana for the purposes of the local controversy exceptions to CAFA).

   b. Steve Milligan, to the extent that he is a defendant in this case, is a citizen of the state of Florida.

   c. Because there are no local defendants, Plaintiffs cannot meet their burden of establishing the "Local Controversy Exception" to CAFA.

41. The Home State Exception applies where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

   a. The Home State Exception only applies if *all* primary defendants are citizens of the state in which the suit was filed. *Watson v. City of Allen, Tx.,* 821 F.3d 634, 641 (5th Cir. 2016) (citing *Frazier*, 455 F.3d at 546); *see also Thompson*, 365 F. Supp. 3d at 733.

    b. Because Dow and UCC, are citizens of states other than Louisiana and Defendant, The Department of Environmental Quality is not a citizen of any state, the Home State Exception does not apply.

42. Further, the exceptions listed in 28 U.S.C § 1332(d)(5) are inapplicable:

    a. As UCC and Dow are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief, all primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief. Accordingly, 28 U.S.C. §1332(d)(5)(A) does not prohibit removal of this case. *Frazier*, 455 F.3d at 547.

    b. The number of class members exceeds 100. *See* 28 U.S.C. § 1332(d)(5)(B).

**B. Removal is timely because Defendants have removed this case within 30 days from receipt of "other paper" from which Defendants could ascertain that the case is removable.**

43. This Notice of Removal is timely because it was filed not more than 30 days after Removing Defendants received "other paper"—Plaintiffs' August 14, 2019 settlement letter—from which it was first ascertainable that the case is removable. 28 U.S.C. § 1446(b).

    **1. This 30-day removal period was not triggered by the initial pleadings.**

44. "The 30-day time period in which a defendant must remove a case starts to run from defendant's receipt of initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of minimum jurisdictional amount of federal courts. 28 U.S.C.A. § 1446(b)." *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) ("Ultimately, Chapman lays out a 'bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's

13

receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount.'").

45. "Under 28 U.S.C. § 1446(b), when an action is not initially removable, the defendant has 30 days after it receives a copy of 'other paper from which it may first be ascertained' that the case is or has become removable. The Fifth Circuit has indicated that the 'other paper' conversion requires a *voluntary act by the plaintiff." S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996) (internal citations omitted) (emphasis in original). The "other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b). This clearer threshold promotes judicial economy. It should reduce 'protective' removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants." *Bosky v. Kroger Texas*, LP, 288 F.3d 208, 211 (5th Cir. 2002).

46. Neither the Original Petition, First Amended Petition, Second Amended Petition, Third Amending Petition for Damages, Third Amended Petition, nor the Fourth Amended Petition affirmatively states that any plaintiff's damages are in excess of the amount required for federal jurisdiction, as required to trigger the removal deadline under Fifth Circuit precedent. *See* Exhibits 1–6; *Chapman*, 969 F.2d at 160.

47. In fact, Defendants attempted to remove this case on the basis that the amount in controversy exceeded $5,000,000 on the face of the petitions but the case was remanded. *See Berniard v. Dow Chemical Company*, 481 Fed. Appx. 859 (5th Cir. 2010).

### 2. This case became removable once Defendants received Plaintiffs' August 14, 2019 settlement evaluation.

48. Because the amount in controversy was not facially apparent from the Petitions, Removing Defendants' thirty-day time period to remove did not begin running upon receipt of any of the Petitions.

49. Plaintiffs' August 14, 2019 settlement evaluation, however, is a voluntary act by Plaintiffs that qualifies as "other paper" pursuant to 28 U.S.C. § 1446(b). *See Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir. 2000) (holding that a settlement demand letter that was not "plainly a sham" qualified as an "other paper" from which the defendant could ascertain removability); *Cole ex rel. Ellis v. Knowledge Learning Corp.,* 416 Fed. Appx. 437 (5th Cir. 2011) (same); *Russell v. Home State County Mut. Ins. Co.*, No. 2003 WL 22697179, at *3 (E.D. La. Nov. 10, 2003).

50. The August 14, 2019 settlement letter is not "plainly a sham" because it reflects Plaintiffs' accurate reflection of what they believe this case to be worth. *Accord Russell*, 2003 WL 22697179 at *3. In their letter, Plaintiffs indicate that they believe the state court would award an amount in excess of the *Howard* ruling to a "$750.00 low/$2000 high." Plaintiffs further contend there are "some 600,000 people inside of the class as it stands," therefore, a "median number of $1375.00 x 600,000 is $825 M…." Further, Plaintiffs noted that assuming a 30% response, and using the median rate of $1375, the base-judgment value is $275,000,000. Exhibit 7, Letter from Ron Austin to Neil Abramson (Aug. 14, 2019). It was at this point that Defendants could first ascertain that this case became removable.

51. Accordingly, Removing Defendants had 30 days from their receipt of such "other paper" to file their notice of removal—bringing the deadline to remove based on Plaintiffs' August 14, 2019 settlement letter to September 13, 2019.

52. Because this notice of removal is filed prior to September 13, 2019, removal is timely.

53. Furthermore, Defendants are not precluded from filing a second Notice of Removal. The Fifth Circuit has held that "once a case is remanded to state court, a defendant is precluded only from seeking a second removal *on the same ground*." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). "The prohibition on removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable." *Id.* Because Defendants originally removed this case based on the First Amended Petition, Defendants are not precluded from removing the case based on the August 14, 2019 settlement letter, even though both removals were brought pursuant to CAFA. *See id.* at 493 (quoting *One Sylvan Rod North Assocs. v. Lark Int'l, Ltd.,* 889 F.Supp. 60, 62, 63 (D. Conn. 1995) ("the fact that a case was initially removed and remanded does not itself preclude removal a second time around. A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition *when subsequent pleadings or events reveal a new and different ground for removal*.... By adding the second paragraph of § 1446(b), Congress intended that a party be permitted successive removals.") (emphasis in original)).

**C.  All other requirements for removal have been satisfied.**

54. Although this suit was originally filed in 2009, the one-year limitation under 28 U.S.C. § 1446(c)(1) does not apply to removal under CAFA. *See* 28 U.S.C. § 1453(b).

55. Likewise, the consent of the Louisiana Department of Environmental Quality and/or Steve Milligan to remove this case is not required under 28 U.S.C. §§ 1453(b).

56. Venue is proper in the United States District Court for the Eastern District of Louisiana because the Civil District Court for the Parish of Orleans, Louisiana is located within the Eastern District of Louisiana.  28 U.S.C. § 1441(a).

57. A copy of this Notice of Removal is being filed with the Clerk of the Civil District Court, Parish of Orleans, and is being served on all counsel of record, including Class Counsel, in the state proceeding. 28 U.S.C. § 1446(d), *See* Exhibit 8, Notice of Removal to State Court Clerk; Exhibit 9, Notice of Removal to Adverse Parties.

58. As required by 28 U.S.C. §§ 1446(a), Defendants are attaching as Exhibit 10 to the Notice of Removal the entire state court record, which includes copies of all process, pleadings and orders served on UCC and Dow in the state court proceeding.

59. By filing this Notice of Removal, Removing Defendants do not waive, and hereby reserve all defenses to Plaintiffs' Petition, Amended Petition, Second Amended Petition, Third Amending Petition for Damages, Third Amended Petition, and Fourth Amended Petition, including but not limited to, improper venue as to the underlying state court action, improper cumulation, and lis pendens.

### IV.  Conclusion

Defendants, Union Carbide Corporation and The Dow Chemical Company, respectfully request that this Court enter such further orders and grant such further relief as may be necessary to secure the removal of the state proceeding from the Civil District Court, Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

**WHEREFORE**, Defendants, Union Carbide Corporation and The Dow Chemical Company, pray that this Notice of Removal be accepted by this Honorable Court as good and sufficient and that this Court will enter such orders as may be proper in the premises.

17

Respectfully submitted,

**BIENVENU, BONNECAZE, FOCO, VIATOR & HOLINGA, APLLC**

By: s/ Phillip E. Foco
David M. Bienvenu, Jr., #20700
Phillip E. Foco, #25670
John Allain Viator, #25915
Patrick H. Hunt, #34599
Colin P. O'Rourke, #37252
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809
Phone:  (225) 388-5600
Fax:  (225) 388-5622

*Attorneys for The Dow Chemical Company*

By: s/ Neil C. Abramson
Neil C. Abramson, #21436
Nora B. Bilbro, #22955
**LISKOW AND LEWIS**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979
Facsimile: (504)556-4108

Mark C. Dodart (Bar #17549)
**PHELPS DUNBAR, LLP**
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

*Attorneys for Union Carbide Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to counsel for the plaintiff and all other known counsel of record via e-mail and/or United States Mail, properly addressed, and postage prepaid on this 20th day of August, 2019

                        _____s/ Phillip E. Foco_____
                                   Phillip E. Foco