UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SHEILA GUIDRY, *individually and*  CIVIL ACTION
*on behalf of all others similarly
situated*, ET AL.

v.  NO. 19-12233

DOW CHEMICAL COMPANY, ET AL.  SECTION "F"


ORDER AND REASONS

Before the Court is the plaintiffs' motion to stay pending appeal.  For the reasons that follow, the motion is GRANTED in part (insofar as the plaintiffs seek to stay the class claims process yet to be undertaken) and DENIED in part (insofar as the plaintiffs seek to stay all jurisdictional discovery).

**Background**

This toxic chemical class action lawsuit was removed to this Court for the second time in 10 years on August 20, 2019.  This Order and Reasons assumes familiarity with the Court's September 19, 2019 Order and Reasons in which the Court denied without prejudice the plaintiffs' motion to remand and ordered jurisdictional discovery directed to determining class size in

1

this case removed predicated on the Court's Class Action Fairness Act jurisdiction. See Order and Reasons dtd. 9/19/19. The plaintiffs have sought the Fifth Circuit's permission to appeal this Court's September 19 Order and Reasons; they now ask this Court to "stay that portion of its decision requiring Plaintiffs to complete jurisdictional discovery within ninety days, pending final appeal."

I.

Four factors inform whether to grant a request for a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Planned Parenthood of Greater Texas Surgical Health Servs. v. Abbott, 734 F.3d 406, 410 (5th Cir. 2013)(citations omitted). Notably, in determining whether to exercise its discretion to review a request for permissive appeal under the Class Action Fairness Act, the appellate court "weigh[s] the time taken from earlier-filed appeals to tend to the CAFA appeal against the benefit of hearing such an appeal at this juncture. Part of this weighing necessarily involves consideration of the unique nature

2

of the issues presented in the [CAFA] appeal." Alvarez v. Midland Credit Mgmt., Inc., 585 F.3d 890, 894 (5th Cir. 2009).

The plaintiffs seek to stay their obligation to conduct "a burdensomely expensive claims process." The plaintiffs submit that the amount-in-controversy is not knowable until after a claims process, which ordinarily takes place after a liability trial prosecuted by the class representatives. The plaintiffs complain that the burden for jurisdictional discovery should not be placed on them because the burden for establishing this Court's CAFA removal jurisdiction is on the defendants. The defendants counter that, if the Court is inclined to temporarily stay the affirmative claims process obligation pending appeal, the Court should nevertheless require the plaintiffs to turn over to defendants any evidence presently in plaintiffs' counsel's possession that bears on the amount-in-controversy. This information, the defendants submit, may suffice to support its submission on amount-in-controversy. The Court finds that a limited stay of its order, which limits the scope of jurisdictional discovery pending appeal, is prudent.

The Court wastes little time weighing the factors informing the appropriateness of a stay, given that the defendants do not contend that their own interests will be harmed by a stay. It is

3

worth noting that none of the other factors weighs heavily in favor of a stay. Nevertheless, given the unique nature of the jurisdictional discovery ordered, the Court will stay its order insofar as it requires plaintiffs' counsel to *affirmatively* undertake a sworn claims process pending appeal, but the Court declines to stay its order insofar as it allows discovery of any evidence presently in plaintiffs' counsel's possession which would support the defendants' jurisdictional allegations, such as facts that identify class members or otherwise bear on class size or on determining class size.

The Court observes that its 9/19/19 Order and Reasons does not shift the burden to establish CAFA jurisdiction to the plaintiffs; rather, it ordered jurisdictional discovery based on which party has access to or control over the information needed to determine if the amount-in-controversy is met.[1] Here, that access lies exclusively with the plaintiffs. It will remain the defendants' obligation to demonstrate whether the preponderance

---

[1] Cf. Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 51 (1st Cir. 2009)("In the course of [CAFA removal] evaluation, a federal court may consider which party has better access to the relevant information."); Garcia v. Wal-Mart Stores Inc., 207 F. Supp. 3d 1114, 1128 (C.D. Ca. 2016)(citations omitted)("in evaluating whether a removing defendant has met its burden, it is proper for courts to consider which party has access to or control over the records and information required to determine whether the amount in controversy requirement is met").

burden is met; that is, the removing defendants must satisfy the Court by a preponderance of the evidence that this case has placed into controversy more than $5,000,000.

The Court finds that staying the plaintiffs' affirmative obligation to undertake a sworn claims process but requiring the parties to conduct discovery concerning jurisdictional facts already in their possession strikes a just balance pending the plaintiffs' appeal.  Accordingly, IT IS ORDERED: that the plaintiffs' motion to stay is GRANTED in part (the plaintiffs' obligation to affirmatively conduct a sworn claims process is hereby stayed pending appeal) and DENIED in part (the plaintiffs must provide to defendants facts presently in their possession bearing on class size and amount-in-controversy).

New Orleans, Louisiana, October 23, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE