UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHEILA GUIDRY, *individually and on behalf of all others similarly situated*, ET AL. | CIVIL ACTION |
| v. | NO. 19-12233 |
| DOW CHEMICAL COMPANY, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court are three motions: (1) the defendants' motion to approve public notice of proof of claim form process, method of dissemination, and proof of claim form; (2) the defendants' motion to compel production of information ordered by the Court in its order dated October 23, 2019; and (3) the plaintiffs' motion to compel jurisdictional discovery responses from defendants. For the reasons that follow, the motions are DENIED.

**Background**

This Order and Reasons assumes familiarity with all prior proceedings. This toxic chemical class action lawsuit was removed to this Court for the second time in 10 years on August 20, 2019. On September 19, 2019, the Court denied without prejudice the

1

plaintiffs' motion to remand and ordered jurisdictional discovery directed to determining class size in this case removed predicated on the Court's Class Action Fairness Act jurisdiction. See Order and Reasons dtd. 9/19/19. When the plaintiffs requested a stay of this Court's 9/19/19 Order pending their request for permission to appeal, on October 23, 2019, the Court granted in part and denied in part the request: the motion was granted as to the plaintiffs' obligation to affirmatively conduct a sworn claims process within 90 days and denied insofar as the plaintiffs were ordered to provide defendants any information in their possession bearing on class size and amount-in-controversy. The Fifth Circuit ultimately denied the plaintiffs' motion for leave to appeal.

Ostensibly in an attempt to comply with this Court's orders, on November 5, 2019, plaintiffs' counsel wrote to defendants' counsel to advise

> that it has 2774 clients who have sought our representation with regard to complaints of deleterious effects from the release at issue. We have internal paperwork and work product pertaining to those individuals, which we presume is privileged, but which would not shed any light on other potential class members. As you know there are several thousand persons who opted out of the class in order to pursue the litigation which you are defending in St. Charles Parish. The PSC is not aware of any additional information in its possession which is not already in your possession that would be responsive to the Court's order.

2

Counsel for defendants replied to plaintiffs' counsel on November 8, 2019 that "this does not satisfy [the district court's] order." Counsel for defendants then identified specific categories of information it seeks from plaintiffs to inform the class size question, including notices published or mailed to potential class members, efforts to contact class members, proof of claim forms, identification of individuals seeking representation, medical records of any potential class member. Counsel for defendants requested a privilege log insofar as the plaintiffs invoke attorney-client privilege over any otherwise responsive material. Finally, counsel for defendants sought input regarding a proposed motion to approve public notice or proof of claim process it intended to file. Counsel participated in a Rule 37 conference but have failed to reach an agreement. The parties now dispute the scope of jurisdictional discovery and sworn claims process.

I.

This flurry of contested motions offers no actual disputes for the Court to resolve at this time.

The plaintiffs have disclosed that some 2,774 clients have signed up to be members of the class. The plaintiffs concede that the Court instructed them to conduct jurisdictional discovery and

a sworn claims process. The plaintiffs submit that they have taken the following steps to comply with the Court's orders: (1) published notice to the public for a claims process in The Advocate newspaper; (2) created and maintained a related website; (3) demonstrated to the defendants potential class members' ability to complete a sworn claim process either online or by a paper claims form process; (4) notified defendants of factual information already in defendants' possession; (5) provided written confirmation that class counsel have 2,774 clients who have sought representation; (6) advised the defendants that internal documents are privileged and would not shed any light on other potential class members; (7) reminded defendants that there are also several thousand persons who opted out of the St. Charles Parish class action for the same event; (8) advised that class counsel are "not aware of any additional information in its possession which is not already in your possession that would be responsive to the Court's order"; and (9) forwarded jurisdictional discovery interrogatories, requests for production, and requests for admissions upon defendants to ascertain whether they have any evidence bearing on class size and amount in controversy. The plaintiffs suggest that January 21, 2020 is their deadline to produce the results of their efforts at publication of notice and the online/newspaper sworn claims process. Accordingly, they

characterize the defendants' motion to compel as harassment and premature.

Complaining that the plaintiffs "refused to advise Defendants what they are doing to comply with the Court's order to conduct a proper sworn proof of claim process," the defendants filed a motion to approve public notice of proof of claim form process and also seek to compel the plaintiffs to produce certain information bearing on class size or determining class size, such as information that identify the plaintiffs' efforts to provide notice to the class or identify members of the class. But even the defendants concede that disclosure of the information they seek by these motions may be rendered moot by the outcome of a claim form process already underway.[1]

Accordingly, IT IS ORDERED: that the defendants' motion to approve public notice of proof of claim form process, method of dissemination, and proof of claim form is DENIED; the defendants' motion to compel production of information ordered by the Court on October 23, 2019 is DENIED without prejudice as premature;[2] and

---

[1] Plaintiffs' counsel represents that it has instituted a sworn claims process.

[2] The Court flatly rejects the plaintiffs' resort to semantics in suggesting that the defendants are not entitled to "information," but, rather, only "facts" or "evidence." Nevertheless, the defendants suggest that disclosure of the information they seek to compel "is unnecessary in the event the Court grants its motion to

the plaintiffs' motion to compel jurisdictional discovery is DENIED.[3]

Counsel should be mindful of 28 U.S.C. § 1927.

New Orleans, Louisiana, January 9, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

approve notice of proof of claim form process[.]" Perhaps compelling disclosure of such information will likewise be mooted once the plaintiffs' claims process has been completed.

[3] Claiming that the requested information will inform their anticipated motion to remand, the plaintiffs seek to discover certain "beliefs" held by defendants, including "what defendants believe the total value of the class claims to be, on what evidence that belief is based, and when and how said evidence was required." The plaintiffs' request is utterly frivolous as it wholly ignores this Court's prior orders and settled law. See Bosky v. Kroger Texas, LP, 288 F.3d 208, 210 (5th Cir. 2002)(citations omitted)("We rejected a due diligence requirement for determining whether a case is removable insisting that 'the defendant's subjective knowledge cannot convert a case into a removable action.'").