```
                     UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


SHEILA GUIDRY, individually and                        CIVIL ACTION
on behalf of all others similarly
situated, ET AL.


v.                                                     NO. 19-12233


DOW CHEMICAL COMPANY, ET AL.                           SECTION "F"
```

ORDER AND REASONS

Before the Court are two motions filed by defendants Dow Chemical and Union Carbide Company: one for summary judgment and one for partial judgment on the pleadings. For the reasons that follow, the motion for summary judgment is DENIED and the motion for partial judgment on the pleadings is GRANTED.

**Background**

In 2009, a tank at a Union Carbide facility in Taft, Louisiana unexpectedly released a quantity of a chemical known as ethyl acrylate. A class action suit was filed for damages relating to harms allegedly suffered as a result of that release. More than 12 years later, that case is nearing trial. Before the Court are two motions by the Defendants seeking to obviate or limit that trial.

This case has a long and complicated procedural history. It was originally filed in state court, then removed to federal court, then remanded back to state court. It was nearing trial in state court when plaintiffs sent a settlement demand letter in which they "mused" that "the parameters of a possible settlement can be safely couched in terms of a range of $60 M[illion] to $275 M[illion]." Guidry v. Dow Chem. Co., 2020 U.S. Dist. LEXIS 202274, *8 (E.D. La. 2020). On the basis of this and other information, Defendants removed to federal court a second time, and this Court denied two motions to remand.[1] See id.

Since then, the parties have been engaged in mud-slinging and time-wasting, with each side accusing the other of various incurable positional maladies and various forms of misconduct – and not without cause. Defendants have accused Plaintiffs of making claims which "border[] on absurdity and [are] vexatious," while Plaintiffs have accused Defendants of staking out "unwarranted" and "arguably frivolous" positions, among other things. Neither side's claims about the other's behavior are wholly without merit, and the Court expresses its disappointment in the manner in which counsel is conducting this litigation. With trial less than five weeks away and with the deadline for pre-

---

[1] The Fifth Circuit denied Plaintiffs' request to appeal the second denial without opening a docket.

trial motions now past, the Court considers the various motions set before it.

## Analysis

### I. Motion for Summary Judgment on the Issue of Specific Causation

Defendants submit a motion for summary judgment on the issue of specific causation. For the reasons that follow, this motion is DENIED.

#### A. Legal Standard

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate where the record reveals "no genuine dispute as to any material fact" and where "the movant is entitled to judgment as a matter of law." No genuine dispute of fact exists where the record could not lead a rational trier of fact to find for the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Supreme Court has emphasized that the mere assertion of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, where contradictory "evidence is

merely colorable, or is not significantly probative," summary judgment remains appropriate. Id. at 249-50 (citation omitted). Likewise, summary judgment is appropriate where the party opposing the motion fails to establish an essential element of its case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the nonmoving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Expl. Co., 974 F.2d 646, 649 (5 Cir. 1992). Instead, it must come forward with competent evidence, such as affidavits or depositions, to support its competing claim. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible at trial do not qualify as competent opposing evidence. Fed. R. Civ. P. 56(c)(2); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5 Cir. 1987). In evaluating a summary judgment motion, the Court must read the facts in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255.

### B. Analysis

Defendants would have the Court decide this motion on one central question: "As a matter of law, can Plaintiffs meet their burden of proving that ethyl acrylate … was a substantial contributing factor causing Plaintiffs' non-specific irritant symptoms without submitting expert medical testimony supporting

their allegations of specific causation?"  Defendants offer many cases which they say stand for the proposition that, under Louisiana law, "medical expert testimony [is] a requirement of proof for specific causation in cases where chemical exposure allegedly causes some injury forming the basis of a compensation claim."

In response, Plaintiffs note that the various cases to which Defendants point state that medical expert testimony is merely a requirement to prove general causation and not specific causation. As the Louisiana Supreme Court has noted, "While expert medical evidence is sometimes essential, … whether the defendant's fault[] was a cause in fact of a plaintiff's personal injury or damage may be proved by other direct or circumstantial evidence. … See Prosser, Torts, § 41, p. 269 (5th ed. 1984) ("… on medical matters within common knowledge, no expert testimony is required to permit a conclusion as to causation").  Lasha v. Olin Corp., 625 So. 2d 1002, 1005 (La. 1993) (citations omitted).

In toxic tort cases such as this one, the Fifth Circuit has typically required expert testimony to prove causation. See, e.g., Seaman v. Seacor Marine L.L.C., 326 Fed. Appx. 721, 729 (5 Cir. 2009) ("without admissible expert evidence in this toxic-tort case, Seaman cannot prove causation").  This requirement certainly applies to general causation but is less clear as applied to

specific causation. In Cibilic v. BP Exploration & Prod., 2017 U.S. Dist. LEXIS 40056 (E.D. La. 2017), another section of this court granted summary judgment in a toxic tort case because the plaintiff produced no expert testimony on the issue of causation. The court therein held that, as "the causal link between exposure to oil and dispersants and lung cancer is not within the layperson's common knowledge," expert testimony was required for general as well as specific causation. Cibilic, 2017 U.S. Dist. LEXIS 40056 at *4.

Thus, if this Court holds that the relation between the ethyl acrylate and the complained-of injuries is "within the layperson's common knowledge," the general causation evidence which Plaintiffs intend to present at trial is sufficient to meet their burden of proof with regard to summary judgment. Louisiana courts have found that common issues such as "dehydration, overheating, exhaustion, mental anguish, fear, stress, anxiety, and depression" are within common knowledge. Ainsworth v. Am. Home Assur. Co., 239 So. 3d 359, 365-366 (La. App. 4 Cir. 2018). The court therein held that "medical expert testimony is not required to establish causation for temporary pain and suffering." Id. at 366. The complaints presented in this case – which include "eyes, nose, or throat irritation, coughing, choking or gagging, or nausea, or headaches, dizziness, trouble breathing, or other respiratory issues,"

according to the Plaintiffs – are all forms of temporary pain and suffering.[2]

Defendants retort that "whether a chemical release causes individuals to experience irritant symptoms such as nausea, eye irritation, coughing, throat irritation and headaches is not a determination that can be made based on the common knowledge held by jurors." In support of this claim, Defendants cite Johnson v. E. I. DuPont deNemours & Co., 7 So. 3d 734, 740 (La. Ct. App. 5 Cir. 2009), which states: "whether or not plaintiffs suffered injuries as a result of chemical exposure from the Dupont incident is not a determination based on common knowledge, so the plaintiffs were required to present expert medical testimony in order to meet their burden of proving medical causation."[3] Once again, however, Defendants have confused specific and general causation. Plaintiffs have produced an expert whose opinion, if accepted by the jury, will suffice to prove that the injuries suffered by

---

[2] To the extent that Plaintiffs wish to pursue claims for injuries not within common knowledge, such as a link between the ethyl acrylate release and cancer, they will have to prove this with expert testimony.  However, as the list here demonstrates, Plaintiffs are not advancing any such claims.

[3] In Johnson, notably, the expert witness was a medical doctor who treated individual patients.  He described their symptoms but made no claim as to their cause except to say that his patients informed him that they had been involved in a chemical explosion.  See Johnson, So. 3d 734 at 738.  In this case, the situation is almost exactly opposite: Plaintiffs have produced an expert who did not treat the individual patients but who is producing an opinion as to the cause of their symptoms.

members of the class could have been caused by the ethyl acrylate release. This is the necessary role of expert testimony in a case where issues of common knowledge are at play.

The Court agrees with Plaintiffs that "[e]xpert testimony on general causation combined with specific evidence of the nature of the class member's exposure is sufficient to permit the jury to conclude that the E.A. release was more likely than not the cause of the class representative's transient symptoms." As the standard for summary judgment is therefore unmet, the Court will deny this motion for summary judgment.

## II. Motion for Partial Judgment on the Pleadings

Defendants submit a motion for partial judgment on the pleadings through which they request that the Court dismiss all claims for punitive damages and strict liability. For the reasons that follow, this motion is GRANTED.

### A. Legal Standard

"A motion brought pursuant to Fed.R.Civ.P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hebert Abstract Co. v. Touchstone Properties, 914 F.2d 74, 76 (5 Cir. 1990) (citations omitted). Rule 12(c) motions are subject to

the same standard as a motion to dismiss filed under Rule 12(b)(6). See Doe v. MySpace Inc., 528 F.3d 413, 418 (5 Cir. 2008). "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 [2007]). In stating a plausible claim, a plaintiff must plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining whether a plaintiff has met this burden, a court must "accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff," but must not accord an assumption of truth to conclusory allegations and threadbare assertions. Thompson v. City of Waco, 764 F.3d 500, 502 (5 Cir. 2014). Further, the Court may judicially notice matters of public record and other facts not subject to reasonable dispute. See United States *ex rel.* Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5 Cir. 2003).

### B. Analysis

In their Rule 12(c) motion, Defendants submit that Louisiana law in effect at the time of the incident contained no provision for recovery of punitive damages. Defendants also submit that

under the relevant statutes, strict liability does not exist except for "ultrahazardous activit[ies]," which are "strictly limited to pile driving or blasting with explosives."  La. C.C. Art. 667. Plaintiffs do not dispute this correct statement of law but instead contend, first, that the motion is untimely, and second, that Defendants are subject to punitive damages under Louisiana state conflict of law analysis.  The Court will consider each of these contentions in turn.

Plaintiffs maintain that Defendants' motion, styled as a Rule 12(c) motion, is more properly a Rule 12(b)(6) motion to dismiss for failure to state a claim.  As Rule 12(b)(6) requires the defense to be filed before pleading, Plaintiffs ask the Court to deny the motion as untimely.[4]  Plaintiffs' legal precedent for this assertion is badly construed and out-of-circuit.  The leading case they cite concerns a motion filed under Rule 12(b)(6), and the court therein rules on the merit of the motion as if it had been filed under Rule 12(c).  See Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC, 871 F.Supp.2d 843, 850 (D. Minn.

---

[4] Plaintiffs note that even if this motion had been properly filed as a motion seeking summary judgment under Rule 56, it would be untimely, as Rule 56 permits filing until 30 days after the close of discovery.  However, Rule 56 states that the 30 day limit is "[u]nless … the court orders otherwise," and the Court's scheduling order (Rec. Doc. 82) permitted motions such as this to be filed as late as 9/14.  It appears Plaintiffs are aware of the futility of this contention, as they do not raise it against the summary judgment motion already addressed in these Reasons.

2012). Perhaps they cannot find case law on point because the Federal Rules provide for exactly what Defendants have done in this case: Rule 12(h)(2) provides that "[f]ailure to state a claim upon which relief can be granted … may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial."

Moreover, if the Court were to deny this motion, there would still be no claim upon which relief may be granted under Louisiana law.[5] Plaintiffs assert that Defendants have shown "blatant disregard of the Federal Rules and jurisprudence" by filing this motion. It is instead Plaintiffs who have disregarded the Federal Rules by asserting this baseless claim for untimeliness.

Plaintiffs' conflict of laws contention is more substantive, but still fails. Plaintiffs correctly note that Louisiana state law provides for punitive damages in limited circumstances. La. C.C. Art. 3546 reads:

> Punitive damages may not be awarded by a court of this state unless authorized:
>
> (1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or
>
> (2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.

---

[5] Pending, of course, Plaintiffs' conflict of laws assertion, which will be discussed shortly.

As certified, no member of the class asserting claims for injury hails from outside the state of Louisiana, so, as the Louisiana Supreme Court has noted, subparagraph (2) of Art. 3546 provides no support for punitive damages. See, e.g., Arabie v. CITGO Petroleum Corp., 89 So. 3d 307, 313 (La. 2012) ("Subparagraph (2) of the article requires that punitive damages be authorized by both the state in which injury occurred and the state of domicile of the person who caused the injury.  Because it is undisputed that all the injuries occurred in Louisiana, subparagraph (2) clearly does not apply.").[6]

The Court then turns to the language in subparagraph (1). Plaintiffs have not asserted, either in their initial pleadings or in response, that any injurious conduct occurred outside the state of Louisiana.  To excuse this obvious flaw in their argument, Plaintiffs rely on their timeliness contention: they claim that, had Defendants raised this defense on time, Plaintiffs could have conducted discovery to determine if any injurious conduct occurred out of the state.  This claim is irrelevant.  As Defendants point

---

[6] Then-Justice Guidry (the Court is not aware of any relation) wrote a compelling concurrence in this case, which reads in part: "Our Legislature has taken concerted effort to bar recovery for punitive damages in toxic tort cases … To allow recovery under these facts, would infer a jurisprudential rule that corporations headquartered out-of-state can be held vicariously liable through the application of another forum's laws for its Louisiana employees' tortious acts absent evidence of management's participation, consent or control." Arabie, 89 So. 3d at 337-338.

out in their reply, Plaintiffs would have needed such evidence to prove their claim under the laws of another jurisdiction had this claim made it to trial, as Louisiana state law does not provide for punitive damages for in-state conduct. If Plaintiffs wished to pursue punitive damages under Michigan or Texas law,[7] they should have conducted discovery for the evidence needed to prove their claim whether or not they anticipated this defense.

Plaintiffs have no leg to stand on. Louisiana law does not provide for strict liability. Louisiana law only provides for punitive damages where there is a true conflict of laws arising of out-of-state injuries or injurious conduct. Plaintiffs have not asserted that any injury or any injurious conduct occurred outside of the state of Louisiana. Therefore, the Court will grant this motion for partial judgment on the pleadings.

## Conclusion

Accordingly, IT IS ORDERED:

That Defendants Dow Chemical and Union Carbide's motion for summary judgment is DENIED; and

---

[7] Plaintiffs assert that defendant Dow Chemical is a domiciliary of Michigan and that defendant Union Carbide is a domiciliary of Texas. As the Court concludes that this motion should be granted, it declines to conduct an analysis of either the domiciliary of these defendants or of the laws of those states.

That Defendants Dow Chemical and Union Carbide's motion for partial judgment on the pleadings is GRANTED. Plaintiffs' claims for punitive damages and strict liability are hereby dismissed with prejudice.

New Orleans, Louisiana, Sept. 29, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE